IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE E. CARTER,

        Plaintiff,

v.                                    Civil Action No. 1:05cv130
                                      (Judge Keeley)

**FEDERAL BUREAU OF PRISONS; HARLEY
LAPPIN, Director of the Federal Bureau of Prisons;
HARRELL WATTS, Administrator National Inmate Appeals;
KIM WHITE, Regional Director; K.J. WENDT, Warden;
DUANE BROWN, Inmate Systems Manager; D. MCADAMS,
Unit Manager; and MRS. WHITLOCK, Case Manager;**

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this case *pro se* on September 15, 2005, by filing a civil rights complaint. Plaintiff filed an amended complaint on November 22, 2005. On January 18, 2006, a preliminary review of the file showed that although summary dismissal of the original complaint was not warranted, plaintiffs' amended complaint should be stricken. The plaintiff did not object to that report and recommendation and it was adopted by the District Judge on February 8, 2006. Accordingly, summonses were issued and the Clerk was directed to serve the original complaint on the defendants.

On May 15, 2006, the defendants filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. On May 23, 2006, plaintiff filed a Memorandum in opposition to the defendants' motion. On May 26, 2006, the Court issued a Roseboro Notice advising the *pro se* plaintiff of his right to file responsive material to the defendants' dispositive motion and granting him thirty (30) days to file any additional response he may have. Plaintiff filed an Affidavit in support of his memorandum on June 5, 2006.

Accordingly, this case, pending before me for a Report and Recommendation pursuant to LR PL P 83.13, is ripe for review.

## I. The Complaint

In the complaint, plaintiff asserts that he is filing this action under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and under the Privacy Act, 5 U.S.C. § 552a(d), (e)(5), (g)(1)(C), and (g)(4). In support of his claims, the plaintiff asserts that on August 6, 2004, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court. See 1:04cv175. In that petition, the plaintiff challenged the Bureau of Prisons ("BOP") calculation of his D.C. statutory good time credits. On February 16, 2005, the respondents in case number 1:04cv175 filed a response to the petition which contained a declaration by Duane Brown ("Brown"), the Inmate Systems Manager at the Gilmer Federal Correctional Institution ("FCI-Gilmer"). In his declaration, Brown referenced a one-year sentence from the D.C. Superior Court issued on October 14, 1988. At that time, plaintiff realized that there was an incorrect Court document in his inmate file. Specifically, plaintiff asserts that he did not appear in Court on October 14, 1988, nor was he sentenced on that date to a one-year sentence.

Accordingly, on March 7, 2005, plaintiff filed an informal grievance with Brown regarding the "false" court document. In that grievance, plaintiff asserted that the October 14, 1988, Judgment and Commitment Order ("J&C") was false and requested that it be deleted from his files. In response to his request, Brown asserted that there was no evidence that the document was false or inaccurate. See Petition at Ex. 12A. Moreover, Brown found that plaintiff failed to substantiate his claim that the document was false or that he suffered any

damage as a result of the document. Id. Thus, plaintiff filed a formal grievance with the Warden.

In his response, Warden Wendt stated that plaintiff was challenging inaccurate records in his prison file and that he was further alleging that Brown was violating his constitutional rights. Petition at Ex. 13A. The Warden's investigation into the matter showed that the October 14, 1988, J&C from the D.C. Superior Court had been in plaintiffs' file since it was first compiled. Id. Warden Wendt found that there was no reason to believe that the judgment from the D.C. Superior Court was inaccurate and that plaintiff had failed to file adequate proof to substantiate his claims that his rights were being violated by Brown. Id. Therefore, plaintiffs' institutional grievance was denied. Id.

Plaintiff appealed the decision of the Warden to the Regional Office. In response to the plaintiff's regional appeal, K.M. White ("White") found that plaintiff was alleging that the BOP has administered an invalid J&C issued by the D.C. Superior Court on October 14, 1988. Defendants' Motion, Ex. B at Att. 2. Director White stated that the Warden had previously outlined the Orders currently on file with the BOP. Id. However, White reviewed plaintiffs' file and found that all the Judgment and Commitment Orders on file were signed and certified by the sentencing court. Id. Thus, because plaintiff had provided no compelling rationale to depart from the findings of the Warden, plaintiffs' appeal was denied. Id. Moreover, White advised plaintiff to address his concerns with the sentencing court. Id.

Plaintiff appealed the regional decision to the Central Office. Harrell Watts ("Watts"), the Administrator of National Inmate Appeals, found that plaintiff was alleging that the BOP had calculated his sentence computation based upon a false J&C issued on October 14, 1988, and

that plaintiff was seeking the deletion of that Order from his file. Petition at Ex. 15B. Upon a review of plaintiffs' file, Watts found that the Judgment in question was signed and certified by the D.C. Superior Court and that the BOP does not have the authority to change or delete a lawful order of the sentencing court. Id. Therefore, plaintiffs' appeal was denied. Id.

As grounds for relief, plaintiff asserts that each of the defendants knew that the document in question was false and that each defendant failed to act by amending or deleting the false document. Plaintiff asserts that under the Privacy Act, the defendants possessed the power to correct the false document and in fact, had a duty to do so when the false document was brought to their attention. Plaintiff asserts that at the very least, the defendants had a duty to investigate the document, but refused or failed to do so in violation of the Privacy Act and his constitutional rights. Thus, each defendant failed to accurately maintain the agency's records and violated plaintiff's constitutional rights.

As to his conspiracy claim, plaintiff asserts that the defendants acted jointly and in concert through the denial of his administrative remedies, which signifies an overt act in furtherance of the conspiracy. Plaintiff asserts that each defendant shared the same conspiratorial motives or objective -- to deny plaintiff's administrative remedies -- by failing to investigate the allegations contained therein.

Plaintiff asserts that as a result of the actions or inactions of the defendants, he received unfair determinations concerning his custody and security classifications. Therefore, plaintiff asserts that he is entitled to damages. Accordingly, plaintiff seeks an unspecified amount of money damages, actual damages as permitted under the Privacy Act, and the costs of this action.

## II.  The Defendants' Motion to Dismiss

In the motion to dismiss, the defendants assert that this case should be dismissed, or summary judgment granted because:

(1) the BOP is the only appropriate defendant under the Privacy Act;

(2) there is a lack of personal jurisdiction over defendants Lappin, Watts and White;

(3) the complaint fails to state a claim under the Privacy Act; and

(4) plaintiffs' constitutional claims are not cognizable under § 1983, Bivens, or otherwise.

As further grounds for their motion, the defendants argue that the October 14, 1988 Order has been deleted from plaintiffs' file as per an Amended Order from the sentencing Court issued on October 25, 2005. Thus, this issue is now moot as the questioned Order is no longer being used to calculate plaintiff's sentence. Moreover, the defendants argue that plaintiff has failed to establish that he is entitled to monetary damages.

### III. Plaintiff's Memorandum and Affidavit in Support

In his memorandum in support of the plaintiff's opposition to the defendants' motion, the plaintiff asserts that the October 25, 2005, Order of the sentencing Court has not invalidated the October 14, 1988 J&C at issue in this case. Instead, the Order states that an error was made in case number F5773-86(k). Thus, the sentencing court vacated the Order in F5773-86(k), not F4270-86. Plaintiff states that this was in error and his claims regarding the one-year sentence imposed in case number F4270-86 on October 14, 1988 are not moot.[1]

Moreover, plaintiff asserts that the inclusion of the false court document in his prison file

---

[1] Because a review of the file shows that plaintiff is correct in this respect, the Court will not address the defendants' mootness argument in this Order. The amended order by the sentencing Court vacates an Order dated October 13, 1988 in case number F5773-86K, not the Order at issue in this case. See Defendants' Motion, Ex. A at Att. 6.

had an adverse effect on his parole eligibility date. Specifically, plaintiff asserts that had the false document been deleted and his sentence properly computed, he would have been eligible for parole consideration in 2001 instead of 2002. Additionally, plaintiff's rehearing would have been scheduled for 2004, instead of 2006. Plaintiff asserts that this causes him to suffer cruel and unusual punishment because he has lost the opportunity to be freed at the earliest possible parole date.

Next, plaintiff recognizes that the BOP is the only proper defendant for his claims arising under the Privacy Act. Plaintiff states that he properly named the BOP in his complaint, and any claims against the individual defendants are not raised pursuant to the Privacy Act.[2]

Plaintiff also argues that there is sufficient personal jurisdiction over defendants Lappin, Watts and White to maintain a cause of action against those defendants in this Court.[3] Plaintiff also asserts that he has established that he is entitled to monetary damages for the defendants failure to conduct an adequate investigation into the false court document which resulted in adverse penal determinations. Thus, plaintiff asserts that his Fifth, Eighth, and Fourteenth Amendment rights were violated by the defendants.

Finally, in his affidavit, plaintiff avers that he is entitled to relief for all the grounds raised in the complaint and in his opposition to the defendants' motion to dismiss. In addition, plaintiff elaborates on the circumstances surrounding his various criminal proceedings. Plaintiff asserts that in criminal case number F4270-86EFG there were only three counts. A count K was

---

[2] For this reason, the defendants argument regarding the proper defendant under the Privacy Act is MOOT.

[3] Because the Court finds that the plaintiff's claims should be denied on the merits, the Court has not specifically addressed the issue of personal jurisdiction with regard to these defendants.

not a part of that underlying case. Thus, the sentencing court's amended order is untrue. Case number F5773-86(k) was not replaced by case number F4270-86 prior to trial.[4]

### IV. Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most

---

[4] To the extent petitioner argues that the amended order of the sentencing court is incorrect, that is an issue that plaintiff must address in the sentencing court.

7

favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## V. Analysis

### A. Privacy Act Claims

Pursuant to the Privacy Act, 5 U.S.C. § 552a(e), each agency that maintains a system of records shall --

> (5) maintain all records which are used by the agency in making any determination about any individual with such accuracy,

8

relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

An individual may request the amendment of any record pertaining to him that the individual believes to be inaccurate, irrelevant, untimely, or incomplete. § 552a(d)(2). If the agency has failed to maintain an individual's records in accordance with § 552(a) or determines that an individual's record should not be amended, the individual may bring a civil case against the agency within the district court. § 552a(g)(1). Such a complaint shall be brought "in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." § 552a(g)(5).

In support of the motion to dismiss, the defendants argue that plaintiff's claims must fail because the Bureau of Prisons has exercised its authority to promulgate rules exempting records maintained as part of the Inmate Central Record System from certain provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). Section 552a(j) states:

> **General exemptions.** -- The head of any agency may promulgate rules, in accordance with the requirements (including general notice) of sections 553(b)(1), (2), and (3), (c) and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (I) if the system of records is –
> (1) maintained by the Central Intelligence Agency; or
>
> (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional , probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release,

> and parole and probation status; (B) information compiled for the
> purpose of a criminal investigation, including reports of informants
> and investigators, and associated with an identifiable individual; or
> (C) reports identifiable to an individual compiled at any stage of the
> process of enforcement of the criminal laws from arrest or indictment
> through release from supervision.

(Emphasis in original).

Upon review of 28 C.F.R. § 16.97, the undersigned agrees that the BOP has exercised its authority to promulgate rules exempting records maintained as part of the Inmate Central Record System from <u>certain</u> provisions of the Privacy Act. In particular, the BOP has exempted the Inmate Central Monitoring System from § 552a(d) which permits a document to be amended. <u>See</u> 28 C.F.R. § 16.97(a)(4). Thus, to the extent that plaintiff in this case seeks to have the J&C of October of 14, 1988 deleted or amended in his inmate file, plaintiff is not entitled to that relief.

However, notably missing from its exemption rules is a section exempting the Bureau from maintaining the accuracy of an inmate's file under § 552a(e)(5), the other specific section at issue in this case. Accordingly, this Court does have jurisdiction over plaintiffs' claim that the BOP failed to maintain accurate records under § 552a(e)(5),[5] and the undersigned will examine the merits of that claim.

In order to be entitled to collect damages for an agency's failure to maintain accurate records, the plaintiff must show that "(1) there was [an] adverse determination; (2) the agency

---

[5] See 5 U.S.C. § 552a(g)(1)(C) which provides that the district courts have jurisdiction over a case against an agency under the Privacy Act that alleges that the agency has failed to maintain "any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual. . ."

failed to maintain plaintiffs' records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's failure was the proximate cause of the adverse determination; and (4) the agency acted intentionally and willfully in its failure." Armstrong v. United States Bureau of Prisons, 976 F.Supp. 17, 22 (D.C.Cir. 1997) (citing 5 U.S.C. § 552a(d), (e)(5), (g)(1)(c), (g)(1)(d) and (g)(4)).

Here, plaintiff cannot show that an adverse determination was made as a result of the BOP's failure to maintain accurate records. Although plaintiff asserts that he received a higher custody and classification score due to the inclusion of the October 14, 1988 J&C in his inmate file, that claim is refuted by the BOP's records and Program Statement 5100.07. According to plaintiff's extensive arrest history and the violent nature of his offenses, he would be classified as a medium security with a greatest severity offense inmate regardless of whether the October 14, 1988 J&C is in his inmate file or not. Defendants' Motion at Ex. C, Declaration of David McAdams ("McAdams Declaration"). Moreover, because plaintiffs' aggregate sentence is more than 20 years, with or without the additional one-year sentence, his public safety factor would require at least a medium security level. Id.

To the extent that plaintiff argues that the October 14, 1988 J&C adversely affected his ability to participate in education and work programs, that claim is refuted by the BOP's records. A review of plaintiffs' records show that he has completed numerous educational and vocational classes and that he is currently employed by UNICOR. McAdams Declaration at 1-2.

And, finally, to the extent that plaintiff asserts that the October 14, 1988 J&C adversely effected his parole eligibility date, that claim is without merit. Plaintiff admits that he did not know the October 14, 1988 J&C was a part of his inmate file until February 16, 2005, and it was

11

not until March 7, 2005, that plaintiff first requested that the BOP remove this Order from his file. Plaintiff's administrative requests were not completed until October 2005. However, at that point, plaintiff had already received his first parole eligibility hearing in 2001 and was already scheduled for rehearing in 2006. Thus, plaintiff cannot show that the failure of the BOP to amend his records through the administrative remedy process caused plaintiff any adverse parole consideration. In addition, an inmate has no constitutional right to even be paroled, let alone a constitutional right to have his parole eligibility determined on a particular date. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979).

Moreover, even if plaintiff could show that the October 14, 1988 J&C was used to make adverse determinations against him, plaintiff still cannot show that the BOP acted intentionally or willfully.

"To establish willful intent, a plaintiff must demonstrate something greater than gross negligence. This can be shown when an agency acts without grounds for believing it to be lawful or by flagrantly disregarding others' rights under the Act. The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." See Armstrong, 976 F.Supp. at 22 (internal citations and quotations omitted); see also Scrimgeour v. Internal Revenue Service, 149 F.3d 318, 326 (4th Cir. 1998) ("the standard for intentional or willful behavior under the Privacy Act has been articulated as an act committed without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act") (internal quotations omitted).

Here, the October 14, 1988 J&C had been included in plaintiffs' inmate file since his incarceration. By his own admission, plaintiff did not even know the Order existed until

12

February of 2005. At that time, plaintiff filed administrative remedies seeking the deletion of the Order from his file. Although plaintiff argued that the document was false, that is really a misrepresentation of the facts. The Order was not false. It was signed and certified by the D.C. Superior Court and was a valid and lawful order. The BOP had no choice but to include the Order in plaintiff's file and use it to calculate his sentence.

However, as was later determined by the sentencing court, one of the Orders in plaintiffs' file was duplicative and erroneous and the error was corrected by the sentencing court. Defendants' Motion, Ex. A at Att. 6. As soon as the BOP received confirmation of the correction, his inmate file was corrected to reflect the findings of the sentencing court. Id. at Att. 7. Thus, plaintiff has failed to show that the BOP willfully or intentionally failed to accurately maintain his file.

**B. Constitutional Claims**

In the complaint, the plaintiff asserts that despite his remedy against the BOP under the Privacy Act, he is also entitled to damages against the individual federal defendants who denied his requests to have the Order deleted from his file. Specifically, but without much elaboration, plaintiff claims that those individuals violated his rights under the Fifth, Eighth, and Fourteenth Amendments in denying his requests.

Unlike claims against state actors under 42 U.S.C. § 1983, constitutional claims against individual federal employees are not statutorily authorized. Rather, those claims were created only through judicial authority. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Therefore, claims against federal employees are subject to the limitations of that judicial authority.

In Carlson v. Green, 446 U.S. 14 (1980), the Supreme Court found two instances in which a Bivens action cannot be maintained. First, when there are "special factors counseling hesitation in the absence of affirmative action by Congress." Carlson, 446 U.S. at 18. Second, when "Congress has provided an alternative remedy which is explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." Id. at 18-19 (emphasis in original). Here, it appears that Congress has not explicitly declared the Privacy Act to be a substitute for an action directly under the Constitution. See Williams v. Dept. of Veteran Affairs, 879 F.Supp. 578, 585 (E.D.VA. 1995). Thus, the question in this case is whether or not the provisions of the Privacy Act constitute "special factors" that counsel against providing an additional remedy under the constitution.

In Bush v. Lucas, 462 U.S. 367 (1983), the Supreme Court found the "special factors" exception applicable where a statute provides elaborate and comprehensive regulations which adequately protect the intended parties and provide detailed and meaningful remedies. Bush, 462 U.S. at 385. In so doing, the Court found that it would be inappropriate to supplement such a regulatory scheme "with a new judicial remedy." Id. at 368. Moreover, in Schweiker v. Chilicky, 487 U.S. 412, 421 (1988), the Supreme Court subsequently stated that it is hesitant to extend Bivens beyond the three areas in which relief has been permitted because it is unwilling to augment a legislative scheme with judicially imposed remedies.[6]

"Bush and Chilicky provide significant insight into the meaning and proper application of the 'special factors' exception to Bivens actions. Those decisions make plain that even where

---

[6] The three areas in which Bivens relief has been permitted is the Fourth Amendment, Fifth Amendment Due Process Clause, and violations of the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Williams v. Dept. of Veteran Affairs, 879 F.Supp. at 586, n 14.

14

Congress has not explicitly indicated that a given statutory or regulatory scheme is intended to substitute, rather than merely supplement, recovery directly under the Constitution, Bivens actions may yet be inappropriate where that legislative scheme provides meaningful remedies for the proscribed conduct." Williams v. Dept. of Veteran Affairs, 879 F.Supp. at 586.[7] The Court in Williams further found that "the Privacy Act directly addresses and regulates the conduct of which [the plaintiff] complains." Id. Thus, the Williams Court found that the plaintiff was not entitled to maintain a separate Bivens action for that same conduct because although the Act "does not provide remedies against individual officials who disobey its terms, it does provide aggrieved parties with significant remedies against the offending agency." Id.

As in Williams, the conduct complained of in the instant case, the failure to maintain accurate records, is expressly addressed and regulated by the Privacy Act. Thus, because the Act provides plaintiff with significant remedies against the BOP, the "special factors" exception applies and plaintiff is not entitled to bring a Bivens action against the individual federal employees who physically maintained his records and/or answered his grievances concerning the October 14, 1988 Order. Nonetheless, even if this Court could examine the merits of plaintiffs' constitutional claims against the individual federal defendants, plaintiffs' claims would fail for the following reasons:

    1. <u>The Fifth and Fourteenth Amendments</u>

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party

---

[7] In Williams, a veteran challenged the conduct of a counselor at a veteran's clinic, the director of the clinic, and the director's secretary in disclosing confidential, personal medical information regarding his treatment. Petitioner challenged those actions under Bivens although plaintiff had a remedy against the agency under the Privacy Act.

claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added)  "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).  This is particularly true in a Bivens action where "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

In the instant case, plaintiff merely makes a "bald statement" that he has a valid Fifth and Fourteenth Amendment claim against the defendants without being more specific.  Thus, the plaintiff fails to state a Fifth and Fourteenth Amendment claim and those claims should be dismissed.  See Weller v. Dept. of Social Servs., 901 F.2d 387 (4th Cir. 1990) (dismissal proper where there were no allegations against defendants).

    2. The Eighth Amendment

In general, the Eighth Amendment prohibits "cruel and unusual punishment." Farmer v. Brennan, 511 U.S. 825 (1994).  In order to comply with the Eighth Amendment, prison punishment must comport with "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

16

substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837.

Here, the Court has already found that the defendants failed to act in an intentional or willful manner. Moreover, the Court is of the opinion that the failure to correct the document in question does not rise to the level of an Eighth Amendment violation. Thus, plaintiff has failed to show that the failure of the defendants to amend his inmate file was cruel and unusual punishment.

## C. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Accordingly, by its terms, § 1983 applies only to state actors and has no application in this case, a case against a federal agency and federal employees. See also Gomez v. Toledo, 446 U.S. 635, 640 (1980) (a claim for relief under § 1983 may be made only against persons who acted under color of *state* law) (emphasis added).

D. **Conspiracy Claims**

In order to state a claim under §1985(3), a plaintiff must allege and prove the following four elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995). Conclusory allegations of a conspiracy, meaning those without concrete supporting facts, are insufficient to state a claim. Id. at 1377.

Plaintiff has only made a conclusory allegation that the defendants were involved in a conspiracy. Further, he has failed to state the defendants were motivated by a class-based discriminatory intent and he failed to state a claim that his constitutional rights were violated. Thus, plaintiff has failed to state a claim under § 1985 and his conspiracy claims should be dismissed.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (dckt. 43) be GRANTED and this case be DISMISSED with prejudice.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right

to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: August 23, 2006.

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE