IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE E. CARTER,**

    **Plaintiff,**

v.                                           CIVIL ACTION NO. 1:05cv130
                                                      (Judge Keeley)

**FEDERAL BUREAU OF PRISONS; HARLEY
LAPPIN, Director of the Federal
Bureau of Prisons; HARRELL WATTS,
Administrator National Inmate
Appeals; KIM WHITE, Regional Director;
K.J. WENDT, Warden; DUANE BROWN,
Inmate Systems Manager; D. MCADAMS,
Unit Manager, and MRS. WHITLOCK,
Case Manager,**

    **Defendants.**

**ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

This matter is now before the Court for consideration of United States Magistrate Judge James E. Seibert's Report and Recommendation (dkt no. 49), dated August 23, 2006, on the defendants' motion to dismiss (dkt no. 43), and the plaintiff's corresponding objections (dkt no. 52). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, **GRANTS** the defendants' motion to dismiss, and **DISMISSES WITH PREJUDICE** the plaintiff's complaint.

**CARTER v. BOP et al**  1:05cv130

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Carter's Complaint and Amended Complaint**

On September 15, 2005, the pro se plaintiff, George E. Carter ("Carter"), filed a civil rights complaint, asserting that the defendants violated his civil rights by failing to maintain accurate inmate records. Specifically, Carter challenges the Bureau of Prison's ("BOP") inclusion of an October 14, 1988 Judgment and Commitment Order issued by the District of Columbia Superior Court in his inmate file.

According to Carter, he challenged the inclusion of this Order through the BOP's administrative remedy program, but despite sufficient evidence showing that the Order was false, the defendants failed to adequately investigate his claim and remove the Order from his inmate records. Carter also asserts that the defendants worked in concert to conceal the falsity of this Order so they could use it to make adverse decisions concerning his parole eligibility, his mandatory release date, and such institutional determinations as his custody and classification levels. Based on these factual allegations, Carter brought claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fifth, Eighth and

Fourteenth Amendments of the United States Constitution as well as the Privacy Act, 5 U.S.C. § 522a.

On November 22, 2005, Carter filed an amended complaint, seeking to assert a retaliation claim against Defendant Duane Brown. According to Carter, on October 20, 2005, he approached Defendant Brown to discuss some missing forms that should have been included in a letter from this Court. As a result, Carter inquired into the identity of the person who logged in his mail and the process by which to bring criminal charges against that person. Carter alleges that Defendant Brown "got upset" and ordered him to be escorted to the Special Housing Unit ("SHU") for harassing him. Carter was housed in the SHU for five days and received a disciplinary report as a result of his conversation with Defendant Brown. Carter was found guilty of the disciplinary charges, had his privileges curtailed for thirty days, and lost his job at Unicor.

**B.  Relevant Procedural History**

On January 18, 2006, United States Magistrate Judge James E. Seibert conducted a preliminary review of this matter pursuant to 28 U.S.C. §§ 1915(e) and 1915A and issued his initial Report and Recommendation as to the viability of Carter's claims. He recommended that Carter's original complaint not be summarily

dismissed, but that his amended complaint be stricken for failure to exhaust administrative remedies on his retaliation claim against Defendant Brown. Carter filed no objections to the Magistrate Judge's initial Report and Recommendation. On February 8, 2006, the Court adopted the Magistrate Judge's recommendations and directed the Clerk to serve the original complaint on the defendants and to strike the amended complaint from the record.

On May 15, 2006, the defendants filed a motion to dismiss, or in the alternative, for summary judgment. Carter filed a memorandum in opposition to the defendants' motion on May 23, 2006. On May 26, 2006, the Magistrate Judge issued a Roseboro[1] Notice advising Carter of his right to file responsive material to the defendants' dispositive motion and providing him with 30 days to file any additional responsive material. On June 5, 2006, Carter filed an affidavit in support of his memorandum in opposition of the defendants' dispositive motion.

On August 23, 2006, Magistrate Judge Seibert entered his second Report and Recommendation with respect to the defendants' motion. On August 30, 2006, Carter filed timely objections to the Magistrate Judge's recommendations.

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

**II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Magistrate Judge Seibert ultimately recommended dismissal of Carter's entire complaint based on the following findings with respect to each individual claim:

**A. Privacy Act Claims**

To the extent Carter is seeking to have the October 14, 1988 Judgment and Commitment Order deleted or amended from his inmate file, Magistrate Judge Seibert concluded that he is not entitled to such relief. Specifically, the Magistrate Judge agreed with the BOP that it exercised its authority to promulgate rules exempting records maintained as part of the Inmate Central Record System from the provision of the Privacy Act, which permits a document to be amended. 28 C.F.R. § 16.97(a)(4); 5 U.S.C. § 552a(d).

Magistrate Judge Seibert, however, noted that the BOP was not exempt from the provision of the Privacy Act that requires an inmate file to be maintained accurately. 5 U.S.C. § 552a(e)(5). Nevertheless, the Magistrate Judge concluded that Carter had failed to establish a viable claim under the Privacy Act because he had not established that an adverse determination had been made as a result of the BOP's alleged failure to maintain accurate records,

-5-

or that the BOP had acted intentionally or willfully in failing to maintain the accuracy of his inmate file.

**B. Constitutional Claims**

The Magistrate Judge identified the primary issue arising from Carter's constitutional claims as whether the provisions of the Privacy Act constitute "special factors" that substitute for an action directly under the Constitution. Carlson v. Green, 446 U.S. 14, 18-19 (1980). In Williams v. Dept. of Veteran Affairs, 879 F.Supp. 578 (E.D.Va. 1995), the United States District Court for the Eastern District of Virginia concluded that a plaintiff was not entitled to maintain a separate action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for an improper disclosure of confidential medical records because such conduct is expressly addressed and regulated by the Privacy Act. 5 U.S.C. § 552a(d). Thus, Magistrate Judge Seibert concluded that Carter was not entitled to bring a Bivens action based on the factual allegations in his complaint because the Privacy Act provides his exclusive remedy.

**C. Claims Under 42 U.S.C. § 1983**

With respect to Carter's §1983 claim, the Magistrate Judge noted that §1983 applies only to persons acting under the color of

state law.  Because Carter brought claims against a federal agency and federal employees, Magistrate Judge Seibert concluded that §1983 had no application in this case.

**D. Conspiracy Claims**

In considering Carter's conspiracy claims, the Magistrate Judge stated that conclusory allegations of a conspiracy are insufficient to state a viable claim.  Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995).  Specifically, he found that Carter had alleged in a conclusory fashion that the defendants were involved in a conspiracy, and that he had failed to state that the defendants were motivated by a class-based discriminatory intent.  Consequently, he concluded that Carter had failed to state a claim that his constitutional rights had been violated and recommended Carter had failed to state a conspiracy claim under 42 U.S.C. § 1985(3).

### III. ANALYSIS

Following a magistrate judge's report and recommendation concerning a prisoner's complaint, the Court will review de novo any portions of the report and recommendation to which a specific objection is made, 28 U.S.C. § 636(b)(1), and may adopt, without explanation, any of the magistrate judge's recommendations to which

the prisoner does not object. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Although the substance of Carter's objections has been difficult to discern, the Court will specifically address seven issues clearly raised by his objections.

First, Carter argues that, because he is proceeding pro se, Magistrate Judge Seibert should have construed his claims liberally and not held him to the strict standards of an attorney. In support of this argument, Carter asserts that, in his Report and Recommendation, Magistrate Judge Seibert ignored a "substantial fact" that the October 14, 1988 Judgment and Commitment Order in Case No. F4270-86(k) has not been vacated, but, instead, the October 13, 1988 Judgment and Commitment Order was vacated in error. Carter states that an issue of material fact exists for trial because the alleged false judicial document from Case No. F4270-86(k) has not been expunged or vacated. He further states that the Magistrate Judge "manifested a bias [sic] report and recommendation" by stating that the October 14, 1988 Judgment and Commitment Order had been amended, expunged and vacated because, according to Carter, this statement is untrue.

In their motion to dismiss, the defendants argued that the issue raised by Carter's complaint had been mooted because the October 14, 1998 Judgment and Commitment Order had been deleted

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

from Carter's inmate file per an October 25, 2005 Amended Order from the sentencing court.  In his memorandum in opposition of the defendants' motion, Carter stated that the October 25, 2005 Order had not invalidated the October 14, 1998 Judgment and Commitment Order.  According to Carter, the Amended Order had vacated the sentencing order in Case No. F5773-86(k).  Carter asserted that this was an error and his claims regarding the one-year sentence imposed in Case No. F4270-86 on October 14, 1988 are not moot.

In footnote 1 of his Report and Recommendation, Magistrate Judge Seibert agreed with Carter that the Amended Order vacated the October 13, 1988 Order, but not the October 14, 1998 Order that is at issue in this case.  Accordingly, he did not address, yet alone dismiss, Carter's claims on the basis of the mootness argument raised by the defendants.  Therefore, no issue of fact exists with respect to whether the October 13, 1988 or the October 14, 1988 Order was vacated, and Carter's objection is refuted by the record.

Second, citing to Federal Rule of Civil Procedure 8, Carter asserts that he is only required to make a short plain statement of his claims showing that he is entitled to relief.  Specifically, Carter states that he is not required to "set out in detail the facts upon which his claim rests or otherwise plead evidence."  He

further asserts that he does not have to present clear and convincing evidence of the defendants' unconstitutional motives.

The Magistrate Judge set forth the proper standard of review for the defendants' dispositive motion in this Report and Recommendation and had advised Carter of the applicable standard of review in a Roseboro notice entered on May 25, 2006. Magistrate Judge Seibert also specifically referenced Federal Rule of Civil Procedure 8 when considering the defendants' arguments with respect to Carter's constitutional claims.

The Magistrate Judge in no instance applied a clear and convincing standard of law to this case. Rather, Carter's complaint simply did not sufficiently plead facts to support claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as well as the Privacy Act, 5 U.S.C. § 522a. Therefore, Carter's objection concerning the applicable standards of review and pleading is refuted by the record.

Third, Carter asserts that the Magistrate Judge failed to address the "minimum contacts" argument set forth in his memorandum in opposition to the defendants' motion. In their motion to dismiss, the defendants asserted that the Court lacked personal jurisdiction over Defendants Harley Lappin, Director of the BOP;

Harrell Watts, National Inmate Appeals Administrator; and Kim White, Regional Director for the Mid-Atlantic Regional Officer, because they were not residents of West Virginia and lacked sufficient contacts with West Virginia. However, in footnote 3 of his Report and Recommendation, Magistrate Judge Seibert made clear that he was not recommending dismissal of Carter's claims based on the defendants' lack of personal jurisdiction argument, but, rather, on the merits of each substantive claim. Therefore, Carter's objection concerning his minimum contacts argument is without any merit.

Fourth, with respect to his §1983 claim, Carter states that Supreme Court of the United States has held that federal statutes may be enforced under §1983 and that a court can determine whether defendants acted under color of federal law or engaged in federal government action of §1983. However, by its express terms, §1983 provides a cause of action to anyone deprived of a <u>federally</u> protected right under color of <u>state</u> law. <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424-25 (1973). §1983 does not apply to actions taken by a federal agency such as the BOP or its employees. <u>Zernial v. United States</u>, 714 F.2d 431, 435 (5th Cir.1983).

The allegations in Carter's complaint clearly demonstrate that this case arises from the actions of federal employees taken under

the color of federal law. Because all the federal defendants in this case were operating under federal authority, Carter is not entitled to relief under §1983. Thus, the Magistrate Judge properly stated that the alleged constitutional violations by federal officials contained in Carter's complaint must be brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Fifth, with respect to his constitutional claims construed as Bivens claims, Carter asserts that "each defendant was sued in her and his individual and official capacities" and that the "[d]efendants are not granted "special factors" in permitting a Bivens suit to proceed forward." A Bivens action, however, may only be maintained against a federal official in his or her individual capacity. FDIC. v. Meyer, 510 U.S. 471, 484-86 (1994). Moreover, a Bivens action cannot be maintained when there are "'special factors' counseling hesitation in the absence of affirmative action by Congress." Williams v. Department of Veteran Affairs, 879 F.Supp. 578, 585 (E.D. Va. 1995)(citing Carlson v. Green, 446 U.S. 14, 18-19 (1980)).

Magistrate Judge Seibert correctly identified the primary issue with respect to Carter's constitutional claims as whether the extensive provisions of the Privacy Act constitute "special

factors" that counsel against an additional remedy under the Constitution. Similar to the circumstances in Williams, the Privacy Act directly addresses and regulates the conduct of which Carter complains. Id. at 585-86. Accordingly, as in Williams, it would also be improper to permit Carter to augment his claims under the Privacy Act with additional remedies under the Constitution. Id. at 587. Therefore, the Magistrate Judge properly relied on the decision in Williams to dismiss Carter's Bivens claims.

Sixth, Carter objects to Magistrate Judge Seibert's finding that he failed to sufficiently plead his conspiracy claim. In his objections, Carter suggests that he is bringing his civil conspiracy claim under 42 U.S.C. § 1983 rather than 42 U.S.C. § 1985(3). However, as stated, above 42 U.S.C. § 1983 does not apply in this case because the defendants were acting under federal authority and not under color of state law.

A civil conspiracy under §1985(3) is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." Lenard v. Argento, 699 F.2d 874, 882 (7th Cir. 1983) (quotations omitted). Thus, to establish a prima facie case of a

civil conspiracy, Carter must show (1) an express or implied agreement among defendants to deprive him of his constitutional rights, and (2) actual deprivation of those rights in the form of overt acts in furtherance of the agreement. Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988).

Carter asserts that "[e]ach federal defendant shared the 'same' conspiratorial motives by agreeing in responses to deny his federal administrative remedies." Carter also argues that it is "clearly obvious that each federal defendant did cover up a false judicial document by vacating the correct criminal case in place of the incorrect criminal case."

In the case at bar, Carter cites decisions made by different individuals at different levels in the grievance process, without demonstrating any cogent nexus between the decisions. Although he asserts that certain defendants injured him pursuant to denying his grievances, Carter simply fails to offer any more than an allegation that any of the defendants entered into an implicit or explicit agreement to violate his constitutional rights. Furthermore, as set forth in detail in Magistrate Judge Seibert's Report and Recommendation, Carter failed to state a claim that his constitutional rights were violated. Moreover, the defendants had no part in vacating the sentencing order in Case No. F5773-86K,

but, rather, only the sentencing court had the authority to vacate such an order. Thus, Carter's argument that the wrong sentencing order was vacated must be directed at the sentencing court and is not evidence of a conspiracy among the defendants.

Finally, Carter objects to the Magistrate Judge's finding that he failed to show that an adverse determination was made as a result of the BOP's failure to maintain accurate records. Carter overlooks the fact that the Magistrate Judge stated that, even if he could establish that the October 14, 1988 Judgment and Commitment Order was used to make adverse determinations, he still fails to establish that the BOP acted willfully or intentionally in failing to remove the Order from his inmate file.

To collect damages for an agency's failure to maintain accurate records, Carter must show: (1) that there was an adverse determination; (2) that the agency failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) that the agency's failure was the proximate cause of the adverse determination; and (4) that the agency acted intentionally and willfully in its failure. Armstrong v. United States Bureau of Prisons, 976 F.Supp. 17, 22 (D.C.Cir. 1997). The violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it was unlawful. Id.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

The October 14, 1988 Judgment and Commitment Order was signed and certified by the D.C. Superior Court and had been included in Carter's inmate file since the beginning of his incarceration. Carter conceded that he was not even aware that the Order existed until February, 2005 and at that time began to seek its removal from his inmate records. Until Carter obtained relief from the sentencing court with respect to the October 14, 1988 Judgment and Commitment Order, the BOP had no reason to delete it from his file. Carter's claims concerning the falsity of the Judgment and Commitment are better suited for the sentencing court.

The Court agrees with the Magistrate Judge Seibert's finding that Carter failed to demonstrate that the BOP's actions concerning his inmate file were the proximate cause of an adverse determination. However, even if the Court were to adopt the arguments made by Carter in his objections, Carter's claim under the Privacy Act would still fail because the undisputed facts simply do not demonstrate that the BOP willfully or intentionally failed to accurately maintain his inmate file.

### IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety (dkt no. 49),

**CARTER v. BOP et al**                                           1:05cv130

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT**

**OVERRULES** Carter's objections (dkt no. 52), **GRANTS** the defendants' motion to dismiss (dkt no. 43), and **DISMISSES WITH PREJUDICE** Carter's complaint. The Court further **DIRECTS** the Clerk to remove this case from its active docket.

    It is so **ORDERED.**

    The Clerk is directed to mail a copy of this Order to the pro se plaintiff via certified mail, return receipt requested and to counsel of record.

DATED: March 20, 2007

                                          /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE